OPINION
Appellant Jeannie Starr appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, awarding permanent custody of her daughter, Jasmine Starr, to appellee, Stark County Department of Human Services:
 ASSIGNMENTS OF ERROR:
I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
II. WHETHER THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
In June of 1995, DHS became involved with appellant and her boyfriend regarding their minor child, Zachary Griffin. A permanent custody motion was pending in Zachary's case on November 5, 1996, the date on which Jasmine was born. Jasmine was immediately removed from the parent's home, based upon a substantial risk that she would be in danger if she was placed in that home. DHS filed an original complaint seeking permanent custody of Jasmine. On January 29, 1997, the court denied the motion for permanent custody of Jasmine. The court ordered that the case plan for the parents include Goodwill Parenting, psychological assessments, counseling for appellant, and a physical exam for the father. The court awarded temporary custody of Jasmine to DHS. On February 2, 1998, DHS filed a second motion seeking permanent custody of Jasmine. Following a hearing, permanent custody of Jasmine was awarded to DHS.
 I.
Appellant argues that the court's finding that Jasmine cannot be placed with her within a reasonable time is against the manifest weight of the evidence. Appellant argues that she substantially complied with the case plan, completing Goodwill Parenting classes on two occasions. There was evidence presented at the hearing that although appellant completed Goodwill parenting classes, during the final weeks of the classes, her performance deteriorated. Her participation decreased, her attention-seeking behavior increased, and her grooming and hygiene decreased. The parenting instructor had concerns with appellant's anger management, and her ability to keep her children safe. The instructor further noted that at the time appellant was taking the classes, she was living in a one-room efficiency apartment, measuring 12' by 24'. The results of the psychological evaluation showed that appellant had an unstable personality structure, with limited intellectual capacity. The psychologist who evaluated appellant further concluded that he did not feel appellant would significantly benefit from parenting classes, as due to her intelligence level, any immediate results she gained would fade over time. There was evidence that appellant had failed to attend counseling, as required by the case plan. Further, there was evidence that the house in which appellant and father were living was unlivable, appearing to have been gutted for remodeling. In addition, there was evidence that Jasmine became visibly distressed during visits with appellant. Dr. Robin Tener observed two visits between appellant, her brother, and her parents. Dr. Tener testified that in a non-visitation setting, Jasmine is a normal, active toddler. During the visits, Jasmine would arch her back, scream, cry, and hide her head under a blanket. Jasmine exhibited no bonding with either parent. The court's finding that Jasmine could not be placed with appellant within a reasonable period of time was not against the manifest weight of the evidence. The first Assignment of Error is overruled.
 II.
Appellant argues that the finding that permanent custody would be in Jasmine's best interest is against the manifest weight of the evidence. Cindy Moore, the DHS social worker, testified that Jasmine had been placed in foster care with her sibling and had established a significant bond with both her foster parents and her brother. Jasmine had developed no significant bond with appellant or with her father. The foster parents desire to adopt both siblings, and Ms. Moore did not feel that Jasmine would obtain a stable environment in the absence of permanent custody. The judgment finding permanent custody to be in Jasmine's best interest is not against the manifest weight of the evidence. The second Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.
By: Reader, V.J. Gwin, P.J. and Farmer, J. concur.